UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL JOSHUE SALINAS DELCID,

                Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

                Respondents.

_____/

Case No. 1:26-cv-1963

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated

this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF

No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.      **Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the

Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering

Respondents to release Petitioner. (Pet., ECF No. 1, PageID.11.) In an order entered on July 2,

2026, the Court directed Respondents to show cause, within three business days, why the writ of

habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.)

On July 2, 2026, Petitioner filed a supplement to his § 2241 petition. (Suppl., ECF No. 6.)

Respondents filed their response on July 8, 2026. (ECF No. 7.) On July 9, 2026, Respondents filed

a status report indicating that Petitioner had a § 1226 bond hearing on July 8, 2026. (Status Report, ECF No. 12.)

## II.      Factual Background

Petitioner is a native and citizen of Honduras. (Notice to Appear (NTA), ECF No. 7-1, PageID.111.) Petitioner entered the United States in 2013 and has remained in the United States since that time. (Motion for Custody Redetermination, ECF No. 1-6, PageID.31.) On February 24, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (2026 Form I-213, ECF No. 7-2, PageID.117.)

On July 8, 2026, Petitioner was provided with a bond hearing under 8 U.S.C. § 1226(a). (Bond Order, ECF No. 12-1, PageID.174.) At that time, the Immigration Judge ordered Petitioner released on a $15,000 bond with conditions. (*Id.*) Petitioner does not appear to be in custody as of the date of this opinion. *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/search ("Search by A-Number," enter "242005623, "Country of Birth," enter "Honduras," select "Search by A-Number") (last visited Jul. 14, 2026).

## III.     Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v.*

*United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV.    Discussion

In Petitioner's § 2241 petition, he contends that Respondents are improperly denying him a custody redetermination hearing. On July 8, 2026, Petitioner was provided with a bond hearing under 8 U.S.C. § 1226(a), at which time the Immigration Judge ordered Petitioner released on a $15,000 bond with conditions. (Bond Order, ECF No. 12-1, PageID.174.) Petitioner no longer appears to be in custody. *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/search ("Search by A-Number," enter "242005623, "Country of Birth," enter "Honduras," select "Search by A-Number") (last visited Jul. 14, 2026).

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted). After initiating this action, Petitioner had a § 1226 bond hearing in the Detroit Immigration Court, which resulted in the Immigration Judge granting Petitioner's request for bond. Accordingly, this action is now moot and will be dismissed without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   July 15, 2026                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge

4